IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ryan W. Porter, | ) | C.A. No. 3:10-cv-2723-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | OPINION AND ORDER |
| vs. | ) | ON PLAINTIFF'S MOTION |
| | ) | TO BIFURCATE |
| Waters Incorporated of Charlotte, | ) | |
| Columbia Storage Solutions Associates | ) | |
| Limited Partnership, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| Waters Incorporated of Charlotte, | ) | |
| Columbia Storage Solutions Associates | ) | |
| Limited Partnership, | ) | |
| | ) | |
| Third-Party Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Northeast Noise Abatement Corporation, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

This matter is before the court on "Plaintiff's Motion to Bifurcate and Have Separate Trials of the Jury Issues in the Complaint and the Non-Jury Issues in the Third-Party Complaint." Dkt. No. 44. Only Defendant Columbia Storage has filed any opposition. Dkt. No. 45. For the reasons set forth below, the motion is denied without prejudice. The court, nonetheless, indicates its current inclination as to trial management. Final resolution as to the mode of trial may be addressed after the close of discovery.

This action arises out of an injury Plaintiff received when he was struck by a garage door at a storage facility owned or operated (or both) by Defendants Waters Incorporated of Charlotte

("Waters") and Columbia Storage Associates Limited Partnership ("Columbia Storage"). Plaintiff's claims against these Defendants are founded on negligence theories and he has made a timely jury demand. No party has moved to strike this demand.

Defendants Waters and Columbia Storage have asserted a third-party claim against Plaintiff's employer, Northeast Noise Abatement Corporation ("NENA").[1] That claim is based on a contractual indemnification provision found in the agreement through which NENA leased the facilities at which Plaintiff was injured. The lease agreement also includes a provision which, *inter alia*, waives the right to a jury trial as between the parties to the agreement. In any event, no party has requested a jury trial as to the indemnification claim.

The waiver of the right to a jury trial found in the lease agreement also purports to waive the jury trial rights of third-parties, including NENA's employees, in any action against the lessor or related parties. Plaintiff's motion appears, at least in part, to be a preemptive strike against enforcement of this provision which would, presumably, be pursued through a motion to strike Plaintiff's jury demand. Although neither Defendant has made such a motion, Columbia Storage does refer to the broad jury-waiver provision in its opposition memorandum in a manner which suggests it may make such a motion if discovery reveals facts that support binding Plaintiff to the waiver.[2] This is not, however, the focus of Columbia Storage's argument which is two-fold: (1) the motion is premature; and (2) there are common issues of fact supporting a consolidated trial.

---

[1] The court uses the abbreviation suggested by the parties.

[2] In its statement of facts, Columbia Storage quotes the relevant provision and asserts that "the agreement serves as a waiver of the Plaintiff's rights to a jury trial." Dkt. No. 45 at 4. Columbia Storage again mentions the jury waiver in its argument, suggesting that further discovery may support binding Plaintiff to this waiver. Dkt. No. 45 at 5.

For reasons argued by Plaintiff, it seems doubtful that he would be bound by his employer's waiver of the right to jury trial, even if the lease purports to reach the rights of employees and others. The court will not, however, resolve this issue as it is not directly presented. The court, therefore, assumes for purposes of this order that Plaintiff is entitled to a jury trial as to his claims and that the indemnification claim should be tried non-jury.

Based on these assumptions, the court would normally conduct the trial in a hybrid fashion. All evidence relevant to common factual issues would be presented in a consolidated jury and bench trial. Any evidence relevant only to the non-jury issues (*e.g.*, the lease agreement and issues relevant only to indemnification) would be presented solely to the court, at least if it was potentially unfairly prejudicial to a party. Evidence relevant only to the non-jury claim would normally be presented following completion of the jury trial, although the court may, in the interest of time, hear the evidence while the jury is deliberating.[3] Nothing presented to date suggests that this would not be the most appropriate course in this case.

Although the court provides this general guidance as to its normal practices, it declines to make any final determination at this time as further developments may suggest a different course.

---

[3] The claim for indemnification becomes ripe for resolution only if one or both Defendants are found liable. This suggests that consideration of the indemnification claim prior to a jury verdict in Plaintiff's favor would be premature. Considerations of judicial economy and the convenience of witnesses may, nonetheless, favor allowing witnesses to testify on relevant subjects while they are otherwise present in the court. This is particularly true if, as is often the case, the testimony relevant to the indemnification claim would be of short duration. If appropriate, the testimony may be taken while the jury is on a break.

The court, therefore, denies the motion without prejudice as premature.

    **IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 22, 2011